**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>(Jointly Administered) |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., *et al.*<br><br>Plaintiff,<br><br>v.<br><br>NIRAV DEEPAK MODI, AMI MODI, DEEPAK MODI, MIHIR BHANSALI, PURVI MEHTA, FIRESTAR INTERNATIONAL LIMITED, FIRESTAR HOLDINGS LIMITED, SYNERGIES CORPORATION, AVD TRADING, INC., NIRAV MODI, INC., FIRESTAR DIAMOND INTERNATIONAL, INC., FIRESTAR GROUP, INC.<br><br>Defendants. | Adv. Proc. No. 19-_____ (SHL) |

**COMPLAINT TO DETERMINE INTERESTS IN PROPERTY (SCULPTURES)**

Richard Levin, Chapter 11 Trustee (the "**Trustee**") for the above-captioned debtors (the "**Debtors**") states for his complaint as follows:

**NATURE OF THE ACTION**

1.   The Trustee brings this adversary proceeding on behalf of the bankruptcy estates of Firestar Diamond, Inc. ("**Firestar**"), Fantasy, Inc. ("**Fantasy**"), and Old AJ, Inc. (f/k/a A. Jaffe, Inc.) ("**Jaffe,**" together with Firestar and Fantasy, the "**Debtors**") against Nirav Deepak Modi,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Firestar Diamond, Inc. (2729), Fantasy, Inc. (1673), and Old AJ, Inc. f/k/a A. Jaffe, Inc. (4756).

Ami Modi, Deepak Modi, Mihir Bhansali, Purvi Mehta, Firestar International Limited ("**FIL**"), Firestar Holdings Limited ("**Firestar Hong Kong**"), Firestar Diamond International, Inc. ("**FDI**"), Synergies Corporation ("**Synergies**"), AVD Trading, Inc. ("**AVD**"), Firestar Group, Inc. ("**FGI**"), and Nirav Modi, Inc. ("**NMI**") (collectively, the "**Defendants**") to (i) determine the validity, priority, and extent of any interest of Defendants in certain items of artwork identified on the list annexed to this Complaint as Exhibit A; and (ii) obtain such further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2.  This is an adversary proceeding brought under section 541(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**") and Rule 7001(2) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.  This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(b) because this is an adversary proceeding arising under the Bankruptcy Code and arising in and related to the Debtors' jointly administered chapter 11 cases pending in this Court.

4.  Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5.  This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2) in which the Court may constitutionally enter a final order, and the Trustee consents to the entry of a final order by the Court.

## THE PARTIES

6.  Plaintiff Richard Levin is the chapter 11 trustee for the Debtors, duly appointed under section 1104(a) of the Bankruptcy Code by the United States Trustee for Region 2 on June 14, 2018.

7.  Firestar is a Delaware corporation having its principal place of business in New York, New York and a debtor in the above-captioned chapter 11 cases.

8. Fantasy is a Delaware corporation having its principal place of business in New York, New York and a debtor in the above-captioned chapter 11 cases.

9. Jaffe is a New York corporation having its principal place of business in New York, New York and a debtor in the above-captioned chapter 11 cases.

10. Defendant FIL is the ultimate parent entity of the Debtors and was one of the Debtors' principal suppliers. Upon information and belief, FIL is incorporated in India.

11. Defendant Firestar Hong Kong is a wholly owned subsidiary of FIL and is the indirect parent of the Debtors. Upon information and belief, Firestar Hong Kong is incorporated in Hong Kong.

12. Defendant Synergies is an indirect affiliate of the Debtors. Upon information and belief, Synergies is incorporated in Delaware.

13. Defendant AVD is an indirect affiliate of the Debtors. Upon information and belief, AVD is incorporated in Delaware.

14. Defendant NMI is an indirect affiliate of the Debtors. Upon information and belief, NMI is incorporated in Delaware.

15. Defendant FDI is the majority owner of Jaffe. Upon information and belief, FDI is incorporated in Delaware.

16. Defendant FGI is the direct parent of Firestar. Upon information and belief, FGI is incorporated in Delaware.

17. Defendant Nirav Deepak Modi is the majority shareholder of FIL. Upon information and belief Nirav Deepak Modi is a citizen of India.

18. Defendant Ami Modi is the wife of Nirav Modi. Upon information and belief, Ami Modi is a U.S. citizen and resides in New York.

19. Defendant Deepak Kumar Modi is the father of Nirav Modi. Upon information and belief, Deepak Modi is a citizen of India and resides in Hong Kong.

20. Defendant Purvi Mehta is the sister of Nirav Modi. Upon information and belief, Purvi Mehta is citizen of Belgium and resides in Hong Kong.

21. Defendant Mihir Bhansali is the former Chief Executive Officer of Debtors Firestar and Fantasy. Upon information and belief, Mihir Bhansali is a citizen of India and resides in New York.

## BACKGROUND

22. On February 26, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 cases. On June 14, 2018, the Court entered an order approving the appointment of the Trustee. [Dkt. 227.]

23. The Trustee is currently in possession of 23 head-shaped sculptures, as more fully described in Exhibit A (collectively, the "**Sculptures**").

24. Twenty-two of the Sculptures are, upon information and belief, made of terracotta, stucco, or schist and are of Indian or Southeast Asian origin (collectively, the "**Stone Sculptures**").

25. Based upon information received from Christie's Inc., the Stone Sculptures were purchased by "Deepak Modi," with an address in Hong Kong, in March 2010 at an auction conducted in New York by Christie's Inc.

26. The remaining Sculpture is a gilded female head that, upon information and belief, was created by Indian artist Ravinder Reddy in 2000 and is entitled *An Dalu* ("**An Dalu**"). Upon information and belief, An Dalu was sold by Christie's London in 2015 The Trustee has not been able to ascertain the identity of the purchaser at the auction.

27. The Trustee believes the Sculptures have substantial value.

4

28. The Sculptures were on display in an executive office in the Debtors' offices at 592 5th Avenue, New York, New York as of the Petition Date and when the Trustee was appointed

29. After the Trustee's appointment, Defendant Ami Modi appeared at the Debtors' offices claiming to be the owner of the Sculptures and demanding that the Sculptures be turned over to her. Mark Samson, the Debtors' Chief Restructuring Officer at the time, refused to turn over the Sculptures absent proof of ownership.

30. On December 6, 2018, Daniel Ruzumna of the New York law firm Patterson Belknap Webb & Tyler LLP, an attorney claiming to represent Ami Modi, contacted the Trustee's counsel regarding the Sculptures. The Trustee's counsel advised Mr. Ruzumna that upon presentation of proof of ownership, the Trustee would turn over the Sculptures but not otherwise. The Trustee has not heard from Mr. Ruzumna since December 6, 2018.

31. No Defendant, nor any other party, has provided proof of ownership to the Trustee as to any Sculpture.

32. The Trustee has not located any documentation identifying the current owner of any Sculpture, other than the information received from Christie's Inc. about the Stone Sculptures.

33. No Defendant, nor any other party, has filed any document in the Debtors' chapter 11 cases concerning any Sculpture.

34. In the absence of any evidence to the contrary, there is no reason to believe the Debtors did not own each Sculpture as of the commencement of their chapter 11 cases.

## COUNT I
## DECLARATORY JUDGMENT
### (Abandonment)

35. The Trustee repeats, realleges, and incorporates, as though fully set forth herein, paragraphs 1 through 25.

36. Under New York law, "the abandonment of property is the relinquishing of all title, possession, or claim to or of it—a virtual intentional throwing away of it." *See, e.g., U.S. v. Cowan*, 396 F.2d 83, 87 (2d Cir. 1968) (quoting *Foulke v. N.Y. Consol. R.R. Co.*, 228 N.Y. 269, 273 (1920)).

37. By this adversary complaint, the Trustee notifies each Defendant that he intends to treat each Sculpture as abandoned by anyone other than the Trustee and as property of the Debtors' estates in the absence of any proof of ownership to the contrary.

38. To the extent each Defendant fails to respond to this complaint, provide proof of ownership, or otherwise assert an interest in any Sculpture, they will have intentionally relinquished—and therefore abandoned—any and all interest they might have in any Sculpture.

## COUNT II
## DECLARATORY JUDGMENT
### (11 U.S.C. § 541(a))

39. The Trustee repeats, realleges, and incorporates, as though fully set forth herein, paragraphs 1 through 32.

40. Under section 541(a) of the Bankruptcy Code, the estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a).

41. Upon information and belief, the Debtors were in possession of each Sculpture at the time they commenced their chapter 11 cases.

42. The Trustee is currently in possession of each Sculpture.

43. In the absence of any evidence to the contrary, there is no reason to believe the Debtors did not own each Sculpture as of the commencement of their chapter 11 cases.

44. To the extent each Defendant fails to respond to this complaint, provide proof of ownership, or otherwise assert an interest in any Sculpture, they will have intentionally relinquished—and therefore abandoned—any and all interest they might have in each Sculpture.

45. Under New York law, "[a]bandoned property is owned by him who takes it into his ownership." *Foulke,* 228 N.Y. at 173.

46. Thus, each Sculpture constitutes property of the Debtors' estates, and the Trustee is entitled to a declaratory judgment to that effect.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against each Defendant as follows:

A. Declaring that each Defendant abandoned any and all interest in each Sculpture;

B. Declaring that each Sculpture is property of the Debtors' estates; and

C. Granting the Trustee such further relief as the Court deems just and proper.

Dated: March 27, 2019  
New York, New York

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ Marc Hankin  
Marc Hankin  
Carl Wedoff  
919 Third Avenue, 37th Floor  
New York, New York 10022-3908  
Telephone: (212) 891-1600  
mhankin@jenner.com  
cwedoff@jenner.com

Angela Allen (*pro hac vice pending*)  
353 North Clark Street  
Chicago, Illinois 60654  
(312) 222-9350  
aallen@jenner.com

*Counsel for the Chapter 11 Trustee*